**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLENNA HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LVNV FUNDING, LLC, and | ) |
| RESURGENT CAPITAL SERVICES, L.P., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Glenna Harper brings this action to secure redress from unlawful credit and collection practices engaged in by defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction in this District are proper because defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

### PARTIES

4. Plaintiff Glenna Harper is an individual who resides in Texas.

5. Defendant LVNV is a Delaware limited liability company with offices at 625 Pilot Rd., Ste. 3, Las Vegas, NV 89119. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

6. Defendant LVNV is engaged in the business of purchasing or acquiring,

or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

7. Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

8. Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

9. Defendant LVNV conducts business on a national scale.

10. Defendant LVNV has been the plaintiff in more than 1,000 collection lawsuits that have been pending in Illinois during the year prior to the filing of this action.

11. Defendant LVNV regularly uses the mails and telephones in its business.

12. Defendant LVNV is a "debt collector" as defined in the FDCPA.

13. Defendant LVNV is licensed as a collection agency by the state of Illinois, as shown by Exhibit A.

14. Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401. It does or transacts business in Illinois.

15. Defendant Resurgent operates a collection agency.

16. Defendant Resurgent holds a collection agency license from the state of Illinois, as shown by Exhibit B.

17. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

18. Defendant Resurgent is a debt collector as defined in the FDCPA.

19. Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

20. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of

Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

21. Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

22. Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

23. The above statements continue to describe the relationship between LVNV and Resurgent.

24. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

25. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS RELATING TO PLAINTIFF

26. Plaintiff is a senior citizen with limited assets and income who fell behind on her bills, including a Capital One credit card, incurred for personal, family or household purposes and not for business purposes.

27. Plaintiff sought the assistance of Chicago attorney Jerome S. Lamet in connection with her financial difficulties.

28. On or about October 19, 2011, Source Receivables Management sent plaintiff the letter attached as Exhibit C seeking to collect the Capital One account.

29. Exhibit C was sent on behalf of Resurgent and LVNV.

30. On or about February 10, 2012, counsel wrote to Source Receivables Management advising that plaintiff was represented in connection with the account. A copy of the letter and fax transmission receipt is attached as Exhibit D.

31. On or about February 15, 2012, Resurgent sent the letter attached as Exhibit E directly to plaintiff.

32. Exhibit E was sent on behalf of LVNV.

33. On or about February 20, 2012, Resurgent sent the letter attached as Exhibit F directly to plaintiff.

34. Exhibit F was sent on behalf of LVNV.

## COUNT I – FDCPA

35. Plaintiff incorporates paragraphs 1-34.

36. Defendants violated 15 U.S.C. §1692c by contacting a represented party directly.

37. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

> **. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1) Statutory damages of $1,000;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)